IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KIRK WAYNE McBRIDE | § | |
| v. | § | CIVIL ACTION NO. 6:09cv518 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Kirk Wayne McBride, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the failure to release him on parole. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McBride complains of a retroactive application of prior parole law which he says worked to his disadvantage. He also alleged that: the Board failed to implement standard parole guidelines; Senate Bill 45, codified in Tex. Gov. Code 508.046, is unconstitutionally vague; the Board exceeded its authority and violated the law during McBride's parole process; and he was denied parole based on unchanging factors as well as racial discrimination.

The Magistrate Judge ordered the Respondent to answer, and the Respondent asserted that McBride failed to exhaust his claims, the statute of limitations had expired, and McBride's claims are without merit. McBride filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on June 1, 2010, recommending that the petition be denied. The Magistrate Judge concluded that McBride failed to exhaust his available state remedies and that the statute of limitations had expired on his claims. McBride filed objections to the Report on June 23, 2010.

1

In his objections, McBride first embarks upon a lengthy discussion of Texas law, from which he concludes that he is not required to exhaust state remedies on a claim of denial of parole because no available state remedies exist under Article 11.07, Tex. Code Crim. Pro., in that he was not challenging a sentence or judgment of conviction. This is not correct. In Ex Parte Villareal, slip op. no. WR-73810-01, 2010 WL 1910303 (Tex.Crim.App., May 12, 2010), the state district court held that the state courts did not have jurisdiction to consider the petitioner's claim of wrongful denial of parole, but the Court of Criminal Appeals determined that this conclusion was error. Similarly, in Ex Parte Junek, slip op. WR 72,381-02, 2009 WL 3491160 (Tex.Crim.App., October 28, 2009), the petitioner complained that he was wrongfully denied release on parole and discretionary mandatory supervision. The trial court held that it did not have jurisdiction to consider the claims, but the Court of Criminal Appeals stated that "both this Court and the trial court have jurisdiction to consider these claims." McBride's objection on this point is without merit.

Second, McBride says that the state courts made a "factual finding" that his state habeas petition was an abuse of the writ, and that he should be able to overcome the correctness attached to this finding. However, the state court's ruling that McBride's state habeas petition was an abuse of the writ was not a factual finding but rather a legal determination, and McBride cannot relitigate the correctness of this application of state law through a federal habeas proceeding. His objection on this point is without merit.

Third, McBride asserts that the Magistrate Judge erred by failing to consider his claim of actual innocence as a vehicle for overcoming the procedural default. The Fifth Circuit has held that a habeas petitioner can show actual innocence, by means of new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial, then that also could serve as an exception to the procedural-default doctrine. Moore v. Quarterman, 534 F.3d 454, 464 (5th Cir. 2008). McBride has offered no "new reliable evidence" to support his claim of actual innocence. This contention is without merit.

Finally, McBride argues that his petition was not time-barred because his state habeas petition tolled the limitations period. As the Magistrate Judge said, McBride's state petition was not properly filed, and in fact was not legally "filed" at all, but was ruled upon by the Court of Criminal Appeals without docketing the cause, a procedure approved in Ex Parte Dora, 548 S.W.2d 392, 394 (Tex.Crim.App. 1977). Because his petition was not properly filed, it did not toll the limitations period, and so the Magistrate Judge did not err in concluding that the petition is barred by the statute of limitations. McBride's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Kirk McBride is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of June, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**